IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

ROBERT OLIN MARSHALL,)
)
)
Plaintiff,)
)
vs.)
)
ANDREW M. SAUL, Commissioner of Social)
Security Administration,)
)  No. 4:18-cv-0043-HRH
Defendant.)
_____)

O R D E R

Motion for Reconsideration

Pursuant to Rule 59(e), Federal Rules of Civil Procedure, defendant moves for reconsideration[1] of the court's order[2] remanding this matter for an award of benefits. The court permitted plaintiff to file a response,[3] which he has timely filed.[4] Oral argument was not requested and is not deemed necessary.

---

[1]Docket No. 23.

[2]Docket No. 21.

[3]Order from Chambers at 1, Docket No. 25.

[4]Docket No. 26.

-1-

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Here, defendant argues that the court committed an error of law, misread the administrative record, and misapplied the three-prong remand-for-benefits test.

Defendant's second argument is readily disposed of. Defendant argues that the court misread the record when it found that plaintiff's RFC was "devoid of any specific limitations as to standing and walking."[5] Defendant argues that because the ALJ included a sit/stand option in plaintiff's RFC, that meant that the RFC allowed for the possibility of sitting all day and no walking at all. Defendant argues that these are specific limitations as to walking and sitting, and thus, the court erred in stating that the RFC did not contain specific limitations as to standing and walking.

But as plaintiff points out, if a sit/stand option meant that plaintiff could sit all day that would be the equivalent of finding that he was limited to sedentary work. And, that is not what the ALJ found. The ALJ found that plaintiff was limited to light work. The court did not err in finding that plaintiff's RFC was devoid of any specific limitations as to sitting and standing.

---

[5]Order at 11, Docket No. 21.

Defendant next argues that the court erred in finding that the ALJ erred in discounting plaintiff's pain and symptom statements based on his daily activities. In its order, the court observed that "the ALJ noted that plaintiff 'reported in 2015 that he could perform some basic activities of daily living, such as preparing simple meals, driving if needed, and shopping in stores[,]'"[6] but that "the ALJ did not explain how these activities would translate into an ability to work full time."[7] Citing to Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007), the court explained that the ALJ had to make specific findings about how the daily activities in question would translate into an ability to work full time. Because the ALJ had not done so, the court concluded that this was not a clear and convincing reason for discounting plaintiff's pain and symptom statements.

Defendant argues that this was error on the court's part because Orn contains two lines of reasoning, and the court only focused on one line of reasoning and ignored the second line. In Orn, the Ninth Circuit pointed out that it "'has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities . . . does not in any way detract from her credibility as to her overall disability.'" Id. (quoting Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001)). The Orn court then found that

> [n]either of the two grounds for using daily activities to form the basis of an adverse credibility determination are present in Orn's case. First, as he described them, Orn's activities do not contradict his other testimony. Second, Orn's activities do not

---

[6]Order at 13-14 (quoting Admin. Rec. at 782).

[7]Order at 14, Docket No. 21.

-3-

>meet the threshold for transferable work skills, the second ground for using daily activities in credibility determinations.

Id. (internal citations omitted). Defendant argues that the ALJ in this case relied on the first ground, that plaintiff's daily activities contradicted his other testimony.

Defendant may be correct. What the ALJ stated was that "the overall record is not consistent with [plaintiff's] reported limitations with his activities."[8] Although this statement is somewhat ambiguous as to the two lines of reasoning based on Orn, it could be construed as an attempt by the ALJ to discount plaintiff's pain and symptom statements on the ground that they were inconsistent with his statements about his limitations. The court did not consider the daily activities reason on this ground. Thus, defendant's motion for reconsideration on the daily activities issue is granted.

Upon reconsideration of the daily activities issue, defendant argues that this was a clear and convincing reason for the ALJ to discount plaintiff's pain and symptom statements. Plaintiff disagrees.

Plaintiff argues that the ALJ did not explain how preparing simple meals, driving if necessary, and shopping in stores was inconsistent with plaintiff's claim that he could not work full time. "'The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints.'" Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin.,

---

[8]Admin. Rec. at 782.

169 F.3d 595, 599 (9th Cir. 1999)). For example, in Molina v. Astrue, 674 F.3d 1104, 1113 (9th Cir. 2012), "[t]he ALJ found that Molina's claimed inability to tolerate even minimal human interaction was inconsistent with her daily activities throughout the disability period" and the Ninth Circuit agreed, explaining that "the ALJ could reasonably conclude that Molina's activities, including walking her two grandchildren to and from school, attending church, shopping, and taking walks, undermined her claims that she was incapable of being around people without suffering from debilitating panic attacks." Id. But here, plaintiff aptly argues that the ALJ did not explain how his ability to shop, drive and make simple meals was inconsistent with his claimed limitations.

Moreover, plaintiff's daily activities, as he described them, were not actually inconsistent with his claimed limitations. As the ALJ noted, plaintiff stated that he drove "if he needed to, although it was hard on his right knee, right ankle, and sometimes his back."[9] The ALJ also noted that plaintiff "stated he could shop in stores for household items one to three times per month for ten to twenty minutes."[10] And, the ALJ noted that plaintiff

> reported limitations with lifting, squatting, bending, standing, walking, sitting, kneeling, stair-climbing, completing tasks, concentration, using hands, and getting along with others. He stated that he could not stand or sit for very long. He also noted that he could not drive very far in a vehicle.
> The claimant testified he could stand or walk for varied lengths of time, but sometimes he would have pain right away

---

[9]Admin. Rec. at 781.

[10]Admin. Rec. at 781.

and could stand/walk for only ten to fifteen minutes.[11]

Plaintiff's description of his daily activities does not seem contradictory to his claimed limitations.

Upon reconsideration, the court concludes that the ALJ erred in discounting plaintiff's pain and symptom statements based on his daily activities.

Finally, defendant argues that the court erred remanding this matter for an award of benefits. Defendant argues that the court should have remanded this matter for further proceedings.

The court follows a three-step analysis to determine whether a remand for an award of benefits would be appropriate. "First, [the court] must conclude that 'the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion.'" Brown-Hunter v. Colvin, 806 F.3d 487, 495 (9th Cir. 2015) (quoting Garrison, 759 F.3d at 1020). "Second, [the court] must conclude that 'the record has been fully developed and further administrative proceedings would serve no useful purpose.'" Id. (quoting Garrison, 759 F.3d at 1020). "Third, [the court] must conclude that 'if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" Id. (quoting Garrison, 759 F.3d at 1021). But, "even if all three requirements are met, [the court] retain[s] 'flexibility' in determining the appropriate remedy" and "may remand on an open record for further proceedings 'when the record as a

---

[11]Admin. Rec. at 776.

whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.'" Id. (quoting Garrison, 759 F.3d at 1021).

The court explained that a remand for benefits was appropriate if the ALJ erred in discounting plaintiff's pain and symptom statements because

> [p]laintiff testified that during the relevant time period, he had approximately three bad days a week, days on which his pain was so bad he was debilitated.[12] The vocational expert testified that if an individual were "unable to engage in sustained work activity for a full eight-hour workday on a regular and consistent basis," there would be no jobs that individual could perform.[13] If plaintiff's pain was debilitating approximately three days a week, it follows that he would be unable to maintain a full-time work schedule on a regular and consistent basis. No further administrative proceedings are necessary here. If his testimony were credited as true, plaintiff would be disabled.[[14]]

Defendant argues that further proceedings were necessary here because it was for the ALJ to determine whether plaintiff could work full time if he had three bad days a week, not the court, particularly in light of the other evidence in the record that suggested that plaintiff was not disabled. Defendant seems to be arguing that the ALJ should have been given a second opportunity to decide the credibility issue.

But, Ninth Circuit "precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies

---

[12]Admin. Rec. at 833.

[13]Admin. Rec. at 842.

[14]Order at 16-17, Docket No. 21.

as a remand for a 'useful purpose'. . . ." Garrison, 759 F.3d at 1021; see also, Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004) ("[a]llowing the Commissioner to decide [an] issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication"); Moisa v. Barnhart, 367 F. 3d 882, 887 (9th Cir. 2004) ("[t]he Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility"). Thus, the court did not misapply the three-prong remand-for-benefits test.

## Conclusion

Defendant's motion for reconsideration is denied in part and granted in part. It is granted as to the daily activities issue but upon reconsideration, the court concludes that the ALJ erred in discounting plaintiff's pain and symptom statements based on his daily activities. The motion for reconsideration is otherwise denied. The court did not err in finding that the ALJ failed to include specific limitations as to walking and sitting in plaintiff's RFC, and the court did not err in remanding this matter for an award of benefits.

DATED at Anchorage, Alaska, this 25th day of September, 2019.

/s/ H. Russel Holland
United States District Judge